UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEITH SULLIVAN,<br><br>　　　　　　　Plaintiff<br><br>v.<br><br>MARCUS DASI,<br><br>　　　　　　　Defendant | Case No. 3:25-cv-00235-ART-CSD<br><br>**ORDER** |

On May 13, 2025, Plaintiff Keith Sullivan initiated this case with an application to proceed *in forma pauperis*. (ECF No. 1). Plaintiff did not file a complaint. Plaintiff subsequently filed a motion to extend his copy work limit, stating that he needed an extension to allow "necessary exhibits, motions, mediation statements, and all other relevant documents." (ECF No. 5).

I.　DISCUSSION

　　A.　Complaint

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "A civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form." LSR 2-1. And the complaint must be signed personally by the unrepresented party. Fed. R. Civ. P. 11(a). Plaintiff has not yet filed a complaint in this case. The Court will give Plaintiff until July 18, 2025, to file a complaint.

　　B.　Copy Work Limit

An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Pursuant to NDOC administrative regulation 722.01(7)(D), inmates "can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." In this district, courts have found that they can order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and

other parties. *See Allen v. Clark Cnty*. Det. Ctr., 2:10-CV-00857-RLH, 2011 WL 886343, *2 (D. Nev. Mar. 11, 2011).

Plaintiff's motion for an extension to his copy limit appears to be a generic motion that he has filed in several of his cases. The motion does not include any specific facts about this case, in which Plaintiff has yet to file a complaint. This case is at a prescreening stage. As such, Plaintiff does not need to file any exhibits, mediation statements or any other documents other than a complaint. The motion does not support that Plaintiff needs a copy work extension for this case at this time, and the Court denies the motion without prejudice.

## II.   CONCLUSION

It is therefore ordered that Plaintiff has **until July 18, 2025**, to file a complaint using this Court's approved form or file a complaint that is legible and contains substantially all of the information called for by this Court's approved form.

It is further ordered that Plaintiff's motion to extend his copy work limit (ECF No. 5) is DENIED without prejudice.

The Clerk of the Court is directed to send Plaintiff the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same, as well as the approved form application to proceed *in forma pauperis* for an inmate and instructions for the same.

It is further ordered that if Plaintiff fails to timely comply with this order, this case will be subject to dismissal without prejudice.

DATED: June 18, 2025

_____
UNITED STATES MAGISTRATE JUDGE